CASE 51—MOTION—JANUARY 11.

# Vanbussum vs. Maloney.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. That a final judgment under which a sale of land is made by commissioner was erroneous, is no ground for quashing the sale.

2. Nor is the fact that the commissioner designated which part of the tract of land should be sold, instead of referring the matter to the court, after having ascertained that less than the whole tract would satisfy the judgment, sufficient of itself to quash the sale. But the discretion conferred upon the commissioner in this respect, when abused, may be corrected.

3. The commissioner was directed to advertise the sale of land at the court-house door, and two other public places in the *county* of Henderson. It was advertised by posting notices at the court-house door, and at two other places in the city of Henderson, which is in the county of Henderson. This, although a literal compliance with the directions to the commissioner, is not a compliance with their spirit and meaning.

4. Bids for property sold by order of the chancellor are to be regarded as mere propositions, which may and ought to be rejected if the sale has not been perfectly fair, or if an unconscientious advantage has been obtained by the purchaser. But a due regard to the interest of the creditor, and to the stability of judicial sales, ought to have a large influence in determining the exercise of the chancellor's discretion in such cases. (2 *B. Mon.*, 411; *Todd vs. Todd's administrator, MS. opin. Winter Term,* 1853.)

5. Land was sold at a commissioner's sale at a great sacrifice, and the directions of the judgment were not pursued by the commissioner in advertising the time and place of sale. *Held*—That the sale was properly disaffirmed by the chancellor.

CROCKETT & VANCE, for appellant, cited 3 *Johns. Ch. R.*, 291 ; 7 *Ves., jr.*, 34; 10 *Ib.*, 474 ; 4 *John.*, 565 ; 4 *B. Mon.*, 49 ; 3 *Dana*, 620; 2 *B. Mon.*, 407.

H. YEAMAN, on same side, cited *Civil Code, sec.* 579 ; 8 *Dana*, 12; 5 *Ib.*, 11 ; 3 *Bibb*, 80 ; 6 *Mon.*, 248; 3 *Dana*, 181 ; 5 *B. Mon.*, 425 ; 2 *Ib.*, 410 ; 3 *Bibb*, 185 ; 1 *Dana*, 185 ; 3 *Marsh.*, 619 ; 3 *Dana*, 614.

KINNEY on same side.

HUGHES & DALLAM, for appellee, cited *Todd vs. Todd's administrator, MS. opin. Winter Term*, 1853 ; *Pell's administrator vs. Marsh's heirs, MS. opin. Oct.,* 1858 ; *Wiley vs. Clark, MS. opin. Sept.,* 1854.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This was a motion to set aside a sale made by a commissioner under a judgment of the court. The motion was made immediately upon the return of the commissioner's report of the sale, and before the sale had been confirmed by the court. The motion was sustained, and a judgment rendered annulling and vacating the sale, and from that judgment the purchaser has appealed to this court.

Various grounds were relied upon in support of the motion, which we will proceed to consider.

1. That the judgment under which the sale was made was erroneous. If this were so, it was no reason for quashing the sale. The judgment was final, and the court that rendered it had no power over it, after the expiration of the term at which it was rendered, to vacate it for errors apparent in the record. The remedy on that ground was by appeal to this court.

2. That the commissioner designated which part of the tract of land should be sold, instead of referring the matter to the court, after having ascertained that less than the whole tract would satisfy the judgment. In ordering a sale of land, the court cannot know whether it will be necessary to sell the whole tract, or whether a less quantity will be sufficient to pay the debt; nor is it usual for the record to present such facts as would enable the court to give specific directions in reference to the manner in which the sale is to be made by the commissioner, in the event that a sale of the whole of the tract should not be necessary to satisfy the judgment. The uniform practice in such cases has been to leave the matter to the discretion of the commissioner. This practice is justified by the necessity of the case, as well as upon grounds of expediency. The discretion which is thus conferred upon a commissioner is similar to that which the law confers upon a sheriff in making sales of land under execution. Its abuse may be corrected by the court, and the manner in which it has been exercised must be regarded as having been approved of by the court in the confirmation of the sale. It would be proper in such cases for the commissioner to consult the wishes of the defendant in the judgment, as his interest might be most promoted by leaving

a part of the tract unsold, which it would not be necessary to sell for the purpose of satisfying the judgment.

3. That the commissioner did not advertise the sale in the manner in which it was directed to be done by the judgment under which it was made. The commissioner was directed to advertise the sale at the court-house door, and two other public places in the *county* of Henderson. It was advertised by posting up a notice at the court-house door, and at two other places in the city of Henderson. As the city of Henderson is in the county of Henderson, that was a literal compliance with the directions given to the commissioner, but it was not a compliance with their spirit and meaning. The word *county* was evidently used to distinguish the place thus designated from that of the city. If this was not the purpose for which it was used, it would have only been necessary to have directed the commissioner to advertise the sale at the court-house door, and at two other public places in the city.

4. The land sold did not bring one half of its value. This fact is clearly established by the testimony. Great inadequacy of price is a powerful consideration when addressed to the chancellor against the ratification of a sale which is still incomplete, and which depends on his sound equitable discretion for its completion.

As was said by this court in the case of *Busey vs. Hardin, &c.*, (2 *B. Mon.*, 411,) " the accepted bidder at such a sale acquires, by the mere acceptance of his bid, no independent right, as in the case of a purchase under execution, to have his purchase completed, but is nothing more than a preferred bidder or proposer for the purchase, depending upon the sound equitable discretion of the chancellor for a confirmation of the sale made by his ministerial agent."

In the case of *Todd vs. Todd's adm'r*, (*MS. opin. Dec. term*, 1853,) it was held, that bids for property sold by order of the chancellor are to be regarded as mere propositions, which may, and ought to be, rejected, if the sale has not been perfectly fair, or if an unconscientious advantage has been obtained by the purchaser. The same doctrine has been recognized and acted upon in subsequent cases by this court. A due regard to the

interest of the creditor, and to the stability of judicial sales, ought of course to have a large influence in determining the exercise of the chancellor's discretion in such cases.

In this case, as the property was sold at a great sacrifice, and the directions of the judgment were not pursued by the commissioner, in advertising the time and place of sale, we think the court acted correctly in disaffirming the sale made by the commissioner. The propriety of the action of the court below upon the subject is in some degree fortified by the fact that the defendant in the judgment was not present at the sale, and made an affidavit that he was entirely ignorant of both its time and place.

Wherefore, the judgment is affirmed.